(No. 36682.—

THE CITY OF COUNTRYSIDE, Appellant, *vs.* THE VILLAGE OF LA GRANGE *et al.,* Appellees.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

ANCEL, SIEGEL & STONESIFER, of Chicago, (FRANCIS X. RILEY, of counsel,) for appellant.

LORD, BISSELL & BROOK, and WILLIAM J. LINKLATER, both of Chicago, (RICHARD E. MUELLER, and ROBERT P. COLE, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The county court of Cook County dismissed a petition filed by the city of Countryside seeking annexation of certain territory. The trial judge certified that the validity of a municipal ordinance was involved and the city has appealed directly to this court.

Countryside initiated the proceedings for annexation by adopting an ordinance requesting the annexation of the territory and filing it in the county court on February 23, 1961, in accordance with the provisions of section 7—2 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1959, chap. 24, par. 7—2). The territory which Countryside sought to annex lies directly to the north of the city. Included in the territory is a tract of unimproved ground containing approximately 80 acres which is the southernmost portion of the territory in question and lies immediately north of Countryside. Also included in the territory is certain land which had been previously subdivided into

lots. The territory in question is bounded by the village of La Grange on the northwest, and by the village of McCook on the east. La Grange filed objections to Countryside's annexation on the ground that a portion of the territory which Countryside sought to annex had already been annexed by La Grange. It appears that on March 15, 1961, after Countryside's petition had been filed in the county court of Cook County, the village of La Grange enacted an ordinance purporting to annex some of the territory described in the Countryside petition. This annexation ordinance was enacted pursuant to that portion of section 7—2 of the Revised Cities and Villages Act, providing for annexation by a municipality at the request of the owners of the property. Under this procedure, no election is required and the annexation is complete upon the adoption of the ordinance. La Grange also objected on the ground that the ordinance of Countryside was not properly passed or published pursuant to statute.

Edward A. Wright and Natalie Wright Chambers, the owners of the unimproved 80-acre tract, also filed objections to Countryside's petition. In these objections, the objectors stated that on June 8, 1960, the objectors had filed a petition with the village of McCook asking that the village annex their property. It was stated in these objections that the highest and best use to which the objectors' property could be put was industrial use and it was alleged Countryside would be unable to furnish adequate water and sewer service for industrial purposes, and that if the property was annexed to Countryside, the objectors would be deprived of the true value of their property, amounting to a deprivation of property without due process of law. It was also alleged that the objectors' property was located on the perimeter of the property sought to be annexed and that exclusion of the objectors' property would not destroy the contiguity of the property sought to be annexed with the city of Countryside.

The principles governing the situation disclosed by the pleadings in this case have been settled by our decisions. In *City of East St. Louis* v. *Touchette,* 14 Ill.2d 243, the city of· East St. Louis sought to annex certain unincorporated territory. At the time this petition was filed, a proceeding was pending in the county court seeking incorporation of the same territory. We held that no proceeding for annexation of a territory or any part thereof, could be legally initiated after a petition for the organization of said territory into a city has been filed unless said organization was defeated. While the *Touchette* case on its facts applied only to a situation where an incorporation proceeding is pending at the time an annexation petition is filed, the reasoning of that case makes it clear that the same result must be reached where an annexation petition is pending at the time another annexation proceeding is commenced. A proceeding for annexation itself involves an incorporation of the previously unincorporated territory. (*People ex rel. Quisenberry* v. *Ellis,* 253 Ill. 369, 375.) Since Countryside's annexation petition was on file in the county court prior to the purported annexation by the village of La Grange, it necessarily follows under the doctrine of the *Touchette* case that La Grange had no power or authority to effect an annexation of the same territory so long as Countryside's petition was on file and undefeated. La Grange's objection to Countryside's annexation, which was based upon La Grange's purported annexation of a portion of the same territory, should have been overruled. La Grange's objection that Countryside's ordinance was illegal was a pure conclusion, unsupported by any allegations of fact. This objection likewise should have been overruled.

The owners of the 80-acre unimproved tract argue that if the *Touchette* doctrine is followed in this case, Countryside lacked the power and authority to initiate annexation proceedings because the property owners had previously filed a petition for annexation with the village of McCook.

They argue that, since their petition, which sought annexation of a portion of the property which Countryside sought to annex, was still on file with McCook and was undefeated, Countryside could not attempt to annex the same property. A complete answer to the objections of these property owners is found in *People ex rel. Village of Worth* v. *Ihde, 23 Ill.2d 63*. In that case certain property owners filed a petition with the village of Chicago Ridge in November, 1957, seeking the annexation of certain property to that village. The board of trustees of the village discussed the matter but tabled the request until further notice. In April, 1958, an incorporation petition was filed in the county court seeking the incorporation of certain territory, including that sought to be annexed to Chicago Ridge. In September, Chicago Ridge purportedly annexed the territory. An election was held in October, pursuant to the incorporation petition. The election was successful and the organization of the new city was challenged in a *quo warranto* proceeding. One of the grounds upon which the organization of the new city was challenged was that no incorporation proceedings could be instituted while the annexation petition was pending. We pointed out that the village of Chicago Ridge took no action on the annexation petition for many months and held that by reason of this neglect the Chicago Ridge authorities must be held to have abandoned the priority which they had acquired by the filing of the annexation petition. We pointed out that to decide otherwise would be to allow municipalities by sheer inaction to indefinitely frustrate the incorporation plans of a community. In the present case the property owners filed their annexation petition with McCook on June 8, 1960. No action had been taken thereon at the time Countryside's annexation petition was filed on February 23, 1961. Under the doctrine of the above case, the long delay and inaction on the part of McCook deprived that village of any priority which it might have acquired over the territory in question. The pendency of the McCook

petition was therefore not a bar to Countryside's annexation and the property owners' objections to Countryside's petition should have been overruled.

. The allegations of the owners of the unimproved tract that they would be deprived of the value of their property because of an assumed inability of Countryside to provide adequate sewer and water service for industrial purposes, and because of the assumed refusal of Countryside to zone the property for industrial use, do not afford any legal basis for denial of Countryside's petition. If these property owners do not wish to be annexed to Countryside, they have a right to be heard in the referendum election but they have no right to defeat Countryside's petition simply because they do not wish to be annexed to that city.

The allegations by these owners that their property lies on the perimeter of the property sought to be annexed and that exclusion of their property would not destroy the necessary contiguity, is clearly contrary to the physical facts, for it appears that this property is immediately adjacent to Countryside and to exclude it would destroy the contiguity of the land lying to the north of the property.

For the reasons set forth herein, we are of the opinion that the trial court erred in dismissing Countryside's petition. The judgment of the county court of Cook County is therefore reversed and the cause is remanded with directions to overrule the objections to Countryside's petition.

*Reversed and remanded, with directions.*