(No. 41197.—

*In re* INCORPORATION OF THE VILLAGE OF CAPITOL HEIGHTS—(The Village of Capitol Heights *et al.,* Appellants, *vs.* The City of Rockford, Appellee.)

*Opinion filed November 22, 1968.*

VERN L. DAVITT, of Rockford, for appellants.

WILLIAM E. COLLINS, Corporation Counsel, and WILLIAM R. NASH, State's Attorney, both of Rockford, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On October 28, 1966, the circuit court of Winnebago County entered its order finding that a petition seeking incorporation of the Village of Capitol Heights met all of the statutory requirements for incorporation of the proposed village and directing that a referendum election be conducted on November 19, 1966, in the territory described in the petition. On November 7, 1966, the City of Rockford enacted an ordinance annexing a certain strip of land contiguous to its boundary. By this annexation the boundaries of the city were extended to within less than one mile of the boundaries of the proposed village. The city then filed its objections to the petition for incorporation of the village, stating that it did not consent to the incorporation. The circuit court sustained the city's objection and dismissed the petition for incorporation of the village. The appellate court affirmed (89 Ill. App. 2d 480), and we allowed leave to appeal.

The petition for incorporation of the village alleged that the territory involved was contiguous, did not exceed two square miles, was not already included within the limits of any municipality, contained in excess of 400 residents living in dwellings other than mobile, and did not lie within one mile of the boundary of any existing municipality. It thus met the requirements of the statute (Ill. Rev. Stat. 1965, chap. 24, par. 2—3—5), and the circuit court properly so found and properly ordered the referendum election.

The city, however, emphasizes that portion of the statute which provides that if the area sought to be incorporated "contains fewer than 7,500 residents and lies within one mile of the boundary line of any existing municipality, the consent of such existing municipality must be obtained before such area may be incorporated." (Ill. Rev. Stat. 1965, chap. 24, par. 2—3—5.) Because the statute states that the required consent is to be obtained "before such area may be incorporated" and provides that

incorporation does not occur until the returns of the election have been canvassed (Ill. Rev. Stat. 1965, chap. 24, par. 2—3—5, 2—3—6), the city argues that the question of compliance with the statute must ·be determined as of the date of the hearing upon its objection, rather than the date of the hearing on the petition for incorporation of the village. To support this view it relies upon numerous disconnection proceedings. *La Salle National Bank* v. *Village of Burr Ridge,* 81 Ill. App. 2d 209; *La Salle National Bank* v. *Village of Willowbrook,* 40 Ill. App. 2d 359; *In re Petition of Cox,* 32 Ill. App. 2d 142; and *In re Petition for Disconnection of Certain Territory from Village of Northfield,* 4 Ill. App. 2d 131.

The statutory procedure by which owners of land upon the border of a municipality may have their land disconnected from the municipality includes a judicial hearing to determine whether the statutory requirements have been met. (Ill. Rev. Stat. 1965, chap. 24, par. 7—3—6.) The cited cases hold that the situation at the time of this hearing is controlling, rather than the situation that existed when the petition for disconnection was filed. But the statutory procedure for the incorporation of a village also includes a judicial hearing to determine whether the statutory requirements for incorporation have been met. (Ill. Rev. Stat. 1965, chap. 24, par. 2—3—6; see *People ex rel. Du Page County* v. *Lowe,* 36 Ill.2d 372.) It was at such a hearing that the court found that the petition to incorporate the Village of Capitol Heights was in accord with the statute and ordered the referendum election. At that time the territory of the proposed village admittedly was more than one mile from the municipal boundaries of Rockford. The city, however, contends that the second hearing, precipitated by its annexation subsequent to the court's determination, must control. Nothing in the disconnection cases supports this argument.

Once the court determines, after a hearing, that the

statute has been satisfied, subsequent developments are irrelevant. (See *People ex rel. Saam* v. *Village of Green Oaks,* 55 Ill. App. 2d 51.) This court has often held that no proceeding for annexation may be initiated after a petition for incorporation of the same territory has been filed, unless the incorporation is defeated. (See *e.g. City of Countryside* v. *Village of La Grange,* 24 Ill.2d 163; *City of East St. Louis* v. *Touchette,* 14 Ill.2d 243.) "It cannot, we think, be presumed that the legislature intended to give citizens and legal voters of certain territory the power to organize a village, and at the same time authorize other parties, by a subsequent proceeding, to defeat that right; * * *." (*People ex rel. Hathorne* v. *Morrow,* 181 Ill. 315, 322.) Certainly if the city could not defeat the incorporation proceeding directly by annexing all or part of the territory to be incorporated, it should not be allowed to defeat the proceeding indirectly by an annexation which projects the city's boundaries to within one mile of the territory to be incorporated.

We find it unnecessary to consider either the challenges that have been advanced to the validity of the city's annexation or the fact that all of the area sought to be incorporated is owned by two brothers. The statute contained no requirement concerning multiple land ownership when the petition was filed. Because the petition for incorporation had been dismissed before the referendum election was held, we are of the opinion that a new referendum election should be conducted.

The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court with directions to conduct a new referendum election.

*Reversed and remanded, with directions.*