*In re* ANNEXATION TO THE CITY OF PROSPECT HEIGHTS.—(Robert W. Holtz *et al.*, Petitioners-Appellants, *v.* The Village of Wheeling *et al.*, Objectors-Appellees.)

First District (3rd Division)   No. 81—353

Opinion filed December 30, 1982.

Friedman & Koven, of Chicago (Donald J. Kreger, Kenneth C. Shepro, and Howard D. Lieberman, of counsel), for appellants.

Arvey, Hodes, Costello & Berman, of Chicago (Herman Smith and George L. Grumley, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

On May 30, 1980, George J. Priester, Veta L. Priester and Waukee Realty Company, Inc., filed with the village clerk of the village of Wheeling, their petition (Wheeling petition) requesting that certain territory owned by the Priesters (Priester tract) be annexed by ordinance to the village of Wheeling. The Wheeling petition was filed pursuant to section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—8). Under that section annexation proceedings are initiated by petition and are finalized by the adoption of an ordinance by the corporate authorities of the municipality to which annexation is sought.

Petitioners-appellants are owners and residents of an area adjacent to the Priester tract. On June 20, 1980, they filed in the circuit court of Cook County a petition (Prospect Heights petition) under section 7—1—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2), seeking to annex to the city of Prospect Heights certain territory that included substantially all of the Priester tract. Section 7—1—2 provides for the initiation of the annexation process by filing a written petition signed by a majority of owners of record in the territory to be annexed and a majority of the electors residing in such territory, and requires a court hearing on the validity of the petition.

On July 7, 1980, prior to the court hearing on the Prospect Heights petition, Wheeling passed ordinance No. 1688 annexing the Priester tract to the village of Wheeling pursuant to the Wheeling petition. Shortly thereafter the Priesters and the village of Wheeling (objectors) filed objections to the Prospect Heights petition in the circuit court of Cook County. On September 10, 1980, the Priester objectors moved to dismiss the Prospect Heights petition alleging, *inter alia*, that "[t]he Priester Tract having already been annexed by and being now a part of the Village of Wheeling, it may not, *** be annexed to the City of Prospect Heights." Petitioners' response to the motion to dismiss included an affidavit and a tract examination prepared by the Chicago Title and Trust Company which show, they contend, that the Wheeling petition was not signed by all of the record owners. Petitioners then filed a motion for partial summary judgment alleging that the Wheeling annexation was invalid because the Wheeling petition was not executed by all the owners of record of the subject territory as required by section 7—1—8 of the Illinois Municipal

Code. If, as petitioners allege, the Wheeling petition was not signed by all record owners as required by section 7—1—8, then the petition and the resulting ordinance are void for want of jurisdiction. (See *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 249, 150 N.E.2d 178.) Under such circumstances the Wheeling petition would not bar the Prospect Heights petition.

On January 16, 1981, the trial court granted objectors' motion to dismiss, struck the affidavit and denied petitioners' motion for summary judgment, accepting objectors' contention that the validity of a completed municipal annexation can only be attacked directly in a *quo warranto* action. Petitioners appeal from that order.

■ First it is noted that this action was not initiated as a collateral attack on the Wheeling annexation. Rather it was objectors who introduced the issue of the validity of that annexation by pleading it as a bar to this Prospect Heights petition, thereby thrusting that issue upon the trial court to be resolved in order to determine its jurisdiction to hear this petition. (See *City of Countryside v. Village of La Grange* (1962), 24 Ill. 2d 163, 180 N.E.2d 488.) Petitioners point out that when their petition was filed, no annexation had taken place. An action then in *quo warranto* against Wheeling therefore would not lie. Further, the general rule relied upon by objectors, that the validity of a municipal annexation can only be attacked directly by a *quo warranto* action, does not apply where an annexation is void from its inception. Illinois cases hold that under such circumstances an ordinance is subject to direct or collateral attack whenever its authority is invoked in a judicial proceeding. (*City of Countryside v. Village of La Grange* (1962), 24 Ill. 2d 163, 180 N.E.2d 488; *People ex rel. Village of Worth v. Ihde* (1961), 23 Ill. 2d 63, 177 N.E.2d 313; *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 331 N.E.2d 373; *In re Annexation to Village of North Barrington* (1972), 8 Ill. App. 3d 50, 288 N.E.2d 242.) The facts of *La Grange* are similar to the facts here. In that case the city of Countryside initiated a court proceeding to annex certain territory. Objections were raised to the proposed annexation, as was done in the case at bar, alleging that the territory in question was subject to a prior petition to annex to the village of McCook. Our supreme court held that Countryside could defend against this attack on its annexation petition by challenging the validity of the prior McCook petition.

■ Objectors' attempts to distinguish these cases from the case at bar are not successful. They point out that *Ihde* and *Mount Prospect* were brought in *quo warranto*, but no reason is advanced and no authority cited for limiting collateral attacks on prior annexations to

*quo warranto.* Further, neither *La Grange* nor *North Barrington* was a *quo warranto* action. As to *North Barrington,* objectors argue that the court invalidated the annexation petition because of a prior annexation as was done here by the trial court. We note, however, that in both *La Grange* and *North Barrington* there was an examination of the underlying facts of the prior annexation as they related to the petition in question. This the trial court in the instant case failed to do. Granting objectors' motion to dismiss on the ground that petitioners cannot here place in issue the validity of the Wheeling annexation because such a challenge can be made only by *quo warranto* was error. Denial of petitioners' motion for partial summary judgment on this ground was also error.

Objectors raise a number of alternative reasons why the decision of the trial court should be affirmed. Objectors first contend that petitioners lack standing to challenge the Wheeling petition and ordinance. However, the cases upon which objectors rely all involve standing to bring a *quo warranto* action and, therefore, are inapposite. The present action was not brought in *quo warranto,* and we have already concluded that under the facts of this case, petitioners were not restricted to that remedy.

■ Objector, village of Wheeling, also contends that Prospect Heights' annexation is barred by the pendency of a petition to disconnect involving the only boundary which can establish the contiguity of the proposed annexation territory to Prospect Heights. Wheeling argues that if the disconnection sought is granted, there will be no contiguity whatsoever between the subject territory and the city of Prospect Heights, and for the court to entertain this petition at this time would be a nugatory act. Wheeling cites *In re Village of Willowbrook* (1965), 62 Ill. App. 2d 45, 210 N.E.2d 25. In that case the appellate court affirmed the dismissal of an annexation proceeding because an appeal was pending from a prior disconnection action *"between the same parties* concerning the same or similar subject mater." (Emphasis added.) (*In re Village of Willowbrook* (1965), 62 Ill. App. 2d 45, 47.) The only parties to this appeal involved in the action to disconnect are the Priesters. There is no reason to bar this action because of the pendency of their petition to disconnect. Furthermore, the right to disconnect will be decided on the basis of the factual situation at the time of the hearing, not that existing at the time of the filing of the petition. (*La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33.) Since there is no identity of parties Wheeling's argument must fail. An uncompleted disconnection action, therefore, affords objectors no ground for the dismissal of

the Prospect Heights petition. See *In re Petition of Cox* (1961), 32 Ill. App. 2d 142, 177 N.E.2d 247 (abstract).

■ The Priester objectors also argue that the failure of petitioners to pray for the annexation of all adjacent highways in the Prospect Heights petition renders their petition defective under section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—1) and, therefore, the trial court's order of dismissal should be affirmed. *In re Annexation to Village of Green Oaks* (1978), 58 Ill. App. 3d 842, 844, 374 N.E.2d 854, is dispositive of this argument. There, a petition to annex failed to include all portions of adjacent highways, and the court held that under section 7—1—1 of the Municipal Code, such highways are annexed even though not in the legal description in the petition, and, therefore, "it was not necessary that the boundary of the area annexed be described so as to extend to the far side of any adjacent highway." Therefore, the Priester objectors' argument here cannot provide a basis for affirming the trial court's order.

Objectors finally contend that the alleged defect in the Wheeling petition regarding the required number of signatures is of no legal consequence. Objectors maintain that even if it is true that one record owner did not sign the Wheeling petition, such a defect would be *de minimus*. This argument was never ruled on by the trial court, and the issue can be addressed on remand in the trial court's determination of the validity of the Wheeling petition.

For the reasons set forth above we reverse the trial court's order granting the motion to dismiss, vacate the denial of the motion for partial summary judgment, and remand this cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and RIZZI, JJ., concur.