CAMPBELL, Acting Chief Judge.
This case involves the legality of an ordinance passed by the City of Fort Myers annexing property owned by the Petitioner May. The parcel in question is approximately seventeen acres in size and roughly triangular in shape. It is bounded by Colonial Boulevard, Interstate Highway 75, and by a body of water known as the “Six Mile Cypress.” Colonial Boulevard intersects the Interstate at an interchange located at the northwest corner of May’s property.
In August, 1984, May petitioned the city for voluntary annexation of the property. Though at the time of this petition the land was undeveloped and uninhabited, May agreed to pay the cost of sewer, water, and other amenities as part of a proposed development. He also agreed to construct a crossover providing access to the property from Colonial Boulevard. On November 5, 1984, the city adopted Ordinance Number 2247 annexing the parcel.
Lee County then petitioned the circuit court for a writ of certiorari, arguing that the annexation ordinance did not comply with statutory procedures for municipal annexation. The circuit court agreed and declared Ordinance Number 2247 invalid. Specifically, the court found that the property annexed was not contiguous to the existing city limits, as required by section 171.044, Florida Statutes (1983), and that the land was not sufficiently urban in character, as defined by section 171.021, Florida Statutes (1983). May then petitioned this court for a writ of certiorari. We agree with May that the circuit court’s order constitutes a departure from the essential requirements of law, and grant the petition.
We first address the propriety of the circuit court’s determination that May’s property was not “urban.” We find no bar in section 171.021, Florida Statutes (1983) to the annexation of land located adjacent to existing city limits that is not presently used for, but is slated for, development for “urban purposes.” On the contrary, such land is “urban in character” as that phrase is employed in section 171.021 and defined in section 171.031(8). Further, under the voluntary annexation procedure set forth in section 171.044, the only limitations proscribed are that the property be contiguous, reasonably compact, and that it not create enclaves. City of Sunrise v. Broward County, 473 So.2d 1387 (Fla. 4th DCA 1985). Thus, the property’s state of development is not necessarily relevant where the property owners voluntarily seek annexation.
We then turn to the lower court’s conclusion that the property is not contiguous to the existing city limits. When used in the context of municipal annexation, the term “contiguous” has been defined as “touching or adjoining in a reasonably substantial ... sense.” Wescom, Inc. v. Woodridge Park District, 49 Ill.App.3d 903, 7 Ill.Dec. 560, 563, 364 N.E.2d 721, 724 (1977). But for the presence of Interstate 75, May’s property would border upon the existing city limits of Fort Myers.[1] Ordi *483 narily, the presence of a road running parallel to a city's boundary should not prevent the assimilation of adjoining territory. People ex rel. Strong v. City of Whittier, 133 Cal.App. 316, 24 P.2d 219 (1933); People ex rel. Forde v. Town of Corte Madera, 115 Cal.App.2d 32, 251 P.2d 988 (1952). That the road involved in the present case is a limited access highway does not interfere with our finding that May’s property is contiguous to the city boundary. Such a determination depends upon the character of the areas immediately adjacent to the Interstate highway. Piester v. City of North Platte, Lincoln County, 198 Neb. 220, 252 N.W.2d 159 (1977). A different conclusion might be drawn if the Interstate effectively barred all access between the May property and the city. Cf. Town of Boynton v. State ex rel. Davis, 103 Fla. 1113, 138 So. 639 (1932) (unimproved property cut off from city by inlet and occasionally inaccessible). But here, access may be had from Colonial Boulevard, which is not a limited access highway, especially given May’s agreement to construct a crossover leading to his property.
We grant the petition for writ of certio-rari. The order of the circuit court invalidating Fort Myers City Ordinance Number 2247 is hereby quashed and this case remanded with directions to reinstate the ordinance.
LEHAN and HALL, JJ., concur.

. At the time May submitted his petition to the city, the southeast corner of the existing city limits and the northwest corner of May’s property abutted the I-75/Colonial Boulevard interchange. There is some dispute whether parcels which only "corner” upon one another may be *483 considered "contiguous.” See People ex rel. Hanrahan v. Village of Wheeling, 42 Ill.App.3d 825, 1 Ill.Dec. 524, 356 N.E.2d 806 (1976). But see Clements v. Crawford County Bank, 64 Ark. 7, 40 S.W. 132 (1897); Kalb v. City of West Helena, 249 Ark. 1123, 463 S.W.2d 368 (1971). However, in the interim between the initial petition and the circuit court decision, another tract of land located immediately across the Interstate from May’s parcel, and south of Colonial Boulevard, was annexed by the city. That annexation does not appear to have been contested. Thus, May’s property and the present city limits do not merely "corner.”