# PALM BEACH COUNTY v TOWN OF JUPITER

## Case No. AP 90-1789 AY (Consolidated)

Fifteenth Judicial Circuit, Palm Beach County

June 3, 1991

### APPEARANCES OF COUNSEL

**Robert P. Banks,** Assistant County Attorney for petitioner, Palm Beach County.

**John C. Randolph,** Jones, Foster, Johnston & Stubbs, P.A., for petitioner, The Village of Tequesta.

**Jerome F. Skrandel, Esquire,** for respondent.

Before RODGERS, RAPP, OFTEDAL, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Town of Jupiter enacted Ordinance Nos. 59-89, 60-89, and 61-89 annexing certain lands of unincorporated Palm Beach County.

Petitioners contend Jupiter failed to meet the requirements for annexation set forth in Chapter 171, Florida Statutes, as to compactness and contiguity.

The annexation here is a classic example of point-to-point or corner-to-corner abutment. "Contiguous," when used in the context of municipal annexation has been defined as "touching or adjoining in a reasonably substantial sense." *See City of Sanford v Seminole County*, 538 So.2d 113, 115 (Fla. 5th DCA 1989); *May v Lee*, 483 So.2d 481, 482 n.1 (Fla. 2d DCA 1986).

We find the annexation is not substantially coterminous with a part of the boundary of the Town of Jupiter. Accordingly, the Petition for Writ of Certiorari is GRANTED and Ordinance Nos. 59-89, 60-89, and 61-89 are hereby quashed. RODGERS, RAPP and OFTEDAL, JJ., concur.