*In re* ANNEXATION OF CERTAIN TERRITORY TO THE VILLAGE OF DEER PARK (Dennis Froslan *et al.*, Petitioners-Appellees, v. Doyle Sheppard *et al.*, Objectors-Appellants).

First District (4th Division)   No. 1—04—1737

Opinion filed June 9, 2005.

Di Monte & Lizak, L.L.C., of Park Ridge (Alan L. Stefaniak, of counsel), for appellants.

Jeffrey E. Nimz, of Chicago, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Dennis Froslan, Jan Froslan and the Illinois Association of Seventh-Day Adventists (petitioners) filed a petition in the circuit court of Cook County pursuant to section 7—1—2 of the Illinois Municipal Code (65 ILCS 5/7—1—2 (West 2002)) to annex parcels of property owned by them and another parcel owned by Doyle Sheppard and Florine Sheppard (objectors) to the Village of Deer Park (Deer Park). The objectors filed an objection to the petition for annexation

asserting that (1) the property had previously been annexed to the Village of Palatine (Palatine); (2) the legal description of a portion of the property set forth in the petition was incorrect; and (3) the petition for annexation was inappropriate, having been orchestrated by Deer Park to prevent the development of the property for commercial use.

The trial court dismissed the objections relating to the legal description and the involvement of Deer Park as a moving force in the filing of the annexation petition and, after conducting an evidentiary hearing as to the priority of the subject petition over the Palatine annexation, struck the remaining objection and found the petition valid, thereby ordering the question of annexation be presented to Deer Park in accordance with the statute.

We affirm the circuit court.

The property in question is at the southeast corner of the intersection of Lake Cook Road and Quentin Road. Deer Park is directly to the north of the subject property across Lake Cook Road. To the west of the subject property across Quentin Road is a Cook County forest preserve area and to the south of the forest preserve area is Palatine. Additionally, a Palatine water line runs beneath Quentin Road and turns east and runs on Lake Cook Road along the subject property.

On December 23, 2002, the objectors filed a petition for annexation with Palatine requesting annexation of their property to Palatine. The elector residing on the property did not join in the petition as required by statute. Thereafter, the objectors sought to have their property rezoned as commercial property in unincorporated Cook County. Hearings were held by the Cook County Zoning Board of Appeals, wherein Deer Park opposed the proposed rezoning and the Cook County Zoning Board of Appeals approved the rezoning of the parcel; however, the county board took no action on the determination by the Cook County Zoning Board of Appeals.

On January 27, 2003, the petitioners (also without the elector residing on the premises) and Palatine entered into an annexation agreement.

On the 22nd of September 2003, the petitioners and electors entered into a preannexation agreement with Deer Park. The annexation agreement between the petitioners and Deer Park provided, among other things, that Deer Park would select and retain legal counsel for the petitioners at Deer Park's sole expense to file the petition for annexation with the circuit court of Cook County and to represent them at all proceedings with respect to the petition for annexation by Deer Park.

On the 26th of September 2003, petitioners filed a petition in the circuit court of Cook County for annexation of the several parcels to

Deer Park. The petition was executed by the owners of record of a portion of the property together with a majority of the electors residing on the property proposed to be annexed. The original petition to Palatine on December 23 did not include the elector residing on the parcel proposed to be annexed.

Thereafter on October 8, 2003, the objectors filed a second petition of annexation with Palatine, this time signed by the objectors as well as the sole elector residing on the premises. This petition appeared to be an original petition and did not, by its terms, attempt to amend the objectors' petition of December 23, 2002. Pursuant to the October 8 petition, Palatine enacted an ordinance annexing the objectors' property on October 13, 2003.

■ Under our statute, territory contiguous to a municipality may be annexed in two ways. First, by the filing of a written petition signed by the owners of record and by at least 51% of the electors residing therein filed with the municipal clerk. A majority vote of the corporate authorities then holding office is required to annex the subject parcel. 65 ILCS 5/7—1—8 (West 2002). The second method of initiating annexation is by the filing of a written petition executed by a majority of the owners of record and a majority of the electors residing in the territory which is filed with the circuit court clerk of the county in which the territory is located. Thereafter, the circuit court is required to enter an order fixing the time for hearing upon this petition to be not less than 20 and not more than 30 days after its filing. Similarly, a municipality may also file a petition with the circuit court in the county in which the territory is located. 65 ILCS 5/7—1—2 (West 2002).

At the evidentiary hearing, Doyle Sheppard testified as an adverse witness and acknowledged that the registered voter and sole person residing on the property that was the subject matter of the December 23, 2002, annexation petition filed with Palatine did not join in that petition. It was further acknowledged that the preannexation agreement between the objectors and Palatine stated specifically that "the subject property is not, as of the date of this agreement, adjacent and contiguous to the corporate boundaries of the village" and that "the owners are desirous once the subject property is adjacent and contiguous to the corporate boundaries of the village" the parcel shall be annexed to Palatine.

The witness continued and stated that he believed now that the property was contiguous to Palatine at the time of the preannexation agreement because of the Palatine water main that ran along Quentin Road and Lake Cook Road.

A land surveyor was called who testified that the closest municipal

boundary of Palatine to the premises was about 800 feet away while the closest municipal boundary of Deer Park was the center line of Lake Cook Road immediately north of the objectors' parcel.

The issue before the trial court was whether the petition filed with Palatine on December 23, 2002, had priority over the petition of the petitioners filed with the circuit court on September 26, 2003.

The parties had stipulated that following the execution of the pre-annexation agreement on January 27, 2003, the objectors sought to have their property rezoned as unincorporated commercial property in Cook County. The record indicated also that no action relating to the annexation of the premises by Palatine had taken place until October 8, 2003, after the filing of petitioners' petition in the circuit court on September 26, 2003.

The trial court ruled that any priority attributable to the petition of December 2002 was lost or waived because of the 10-month gap between the date of that petition and the September 26, 2003, filing of a petition by petitioners.

During that period no action was taken by Palatine to annex the premises and, more curiously, the parties sought to have a zoning change from Cook County notwithstanding the pending petition with Palatine and the terms of the preannexation agreement, which provided that the objectors' premises would be zoned commercial.

Determining that petitioners' petition to the circuit court for annexation was valid and that the question of annexation could be presented to the corporate authorities of Deer Park, the trial court noted that questions of contiguity need not be considered since the December 2002 petition to Palatine did not have priority over the petition filed in the circuit court relating to the Deer Park annexation.

■ As we have previously noted, the objectors filed their petition for annexation with Palatine on December 23, 2002, while the petitioners filed their petition for annexation to Deer Park in the circuit court of Cook County on September 26, 2003. The rule governing conflicting petitions to annex or incorporate the same tract of land is that the first to initiate annexation is entitled to priority over territory against all other parties initiating proceedings at a later date. Priority in time typically is determined by the time of initiation of annexation proceedings. *In re Petition to Annex Certain Property to the City of Wood Dale*, 244 Ill. App. 3d 820 (1993). However, the later-filed annexation petition, even though initiated during the pendency of another petition, may become legally "initiated" for jurisdictional priority purposes if the prior petition is abandoned, defeated or otherwise deemed invalid. *Wood Dale*, 244 Ill. App. 3d at 828.

In *Wood Dale*, the petitioners filed their second petition nine

months after the filing of the first petition, but on the same day the objecting homeowners filed their petition. The second petition was filed correcting the ambiguities of a "property owner," "an owner," a "voter," an "owner registered voter" and a "homeowner voter" relating to joinder of electors residing on the premises. The court held that the later-filed petition of the objecting homeowners had priority over the earlier-filed petition.

This is not unlike the case at bar where the second petition of the objectors was filed almost 10 months subsequent to the initial filing and 17 days after the filing of petitioners in the circuit court of Cook County to annex the premises to Deer Park.

In *City of Countryside v. Village of La Grange*, 24 Ill. 2d 163 (1962), the court allowed a later-filed petition priority over the earlier petition where the village had delayed more than eight months in acting on the property owner's petition. In *Countryside*, the court reasoned that where the Village of Chicago Ridge took no action on the annexation petition for many months, the petition was held to have been abandoned and the priority that had been acquired by the filing of the initial annexation petition was lost. The court concluded that to decide otherwise would be to allow municipalities by sheer inaction to indefinitely frustrate the incorporation plans of communities.

■ In the case at bar, nothing was done with reference to the annexation of the premises except the execution of the annexation agreement shortly after the filing of the initial petition. Moreover, the objectors, the petitioners therein, sought to change the zoning of the premises as unincorporated territory. At the hearing on the petitioners' petition, no reasons were given for such delay nor was the zoning change requested of the Cook County Board explained as a reason for delay.

Accordingly, we join *Countryside* and *Wood Dale*, following *People ex rel. Village of Worth v. Ihde*, 23 Ill. 2d 63 (1961), where a delay of five months was sufficient evidence that the original petition had been abandoned and jurisdiction previously acquired by the filing of the petition to annex the property lost its priority.

Additionally, the initial petition filed for annexation by Palatine was in violation of the statute that requires that at least 51% of the electorate residing in the territory join in the petition. The first Palatine petition showed no electors residing on the premises. On the other hand, the second petition for Palatine annexation indicated that there was, in fact, an elector residing on the parcel who did join in the second petition, which was filed subsequent to the petitioners' petition for annexation by Deer Park.

This defect in the initial petition is similar to the defect complained

of in *Wood Dale*, where the earlier petitioners attempted to cure this defect by withdrawing the first petition and filing a new petition, not unlike the objectors here.

In their brief, objectors suggest that the second petition filed on October 8, 2003, was an "amended petition" or "supplemental petition." However, as the court observed in *Wood Dale* relating to an effort to amend the petition, "[e]ven an amended petition would not have 'related back' to the time of the filing of the original petition." *Wood Dale*, 244 Ill. App. 3d at 836.

Accordingly, we agree with the trial court that the petition of the objectors filed with Palatine on December 23, 2002, has lost its priority over the petition of the petitioners filed in the circuit court of Cook County on September 26, 2003.

■ The next issue to be considered is objectors' claim that the legal description of a portion of the property set forth in the petitioners' petition was incorrect. The governing statute provides that an interested party may file objections with the clerk of the circuit court and one of the statutory objections is "(3) that the description of the territory contained in the petition or ordinance, as the case may be, is inadequate." 65 ILCS 5/7—1—3 (West 2002).

The basis of the objectors' claim was that the legal description and survey attached to the petitioners' petition of September 26, 2003, contained a previously dedicated right-of-way on the north side of the objectors' parcel, that portion of the parcel being contiguous with the current border of Deer Park. The right-of-way accordingly was included in the description of the territory to be annexed. There was no assertion that the legal description annexed more territory than was anticipated or, in fact, was less territory than was anticipated since the contiguous right-of-way would also be annexed to Deer Park.

Additionally, there is no question as to whether all of the objectors' property was being annexed, and an examination of the map accompanying the petition makes it clear that the annexation goes to the south line of the objectors' property; the right-of-way in question being at the north and within the new boundaries of Deer Park.

There is little precedent with regard to this issue. Firstly, the statute does not speak of "errors" in the legal description but, rather, that there may be objections if it is "inadequate." Accordingly, if the annexation ordinance and accompanying map, when viewed together, fairly apprised the public of the property involved, the description will be proper. *In re Annexation to City of Prospect Heights*, 107 Ill. App. 3d 1045 (1982). Generally, the legal descriptions within the annexation process are not to be construed with the same strictness as those contained in deeds or contracts. Moreover, the statute uses the word

"inadequate" rather than "in error" to define legal descriptions that might be the basis for an appropriate objection. 65 ILCS 5/7—1—3 (West 2002).

In *Prospect Heights* it was determined that the municipality's error in typing "20" rather than "to" in the ordinance was merely a typographical error and was too insignificant to prevent the public from being fairly apprised as to what territory was involved in the annexation. More significant, however, was the omission of a call from one paragraph of the legal description in the annexation ordinance. The *Prospect Heights* court held that even this omission did not invalidate the ordinance and that it also fairly apprised the public of the property involved and the description was not materially defective and was not "inadequate."

Here the objectors' complaint is that the legal description included a right-of-way not owned by the parties. It is interesting to note that in another case, *In re Annexation to the City of Prospect Heights*, 111 Ill. App. 3d 541 (1982), failure of the annexation petition to include all the adjacent highways did not render the petition invalid. This earlier *Prospect Heights* case was the exact inverse of the case at bar and had the same result.

■ Objectors also sought to dismiss petitioners' petition for annexation on the basis that such attempt to annex the premises was objectionable because the process was orchestrated by Deer Park for inappropriate reasons in order to prevent the development of the property for commercial use.

Generally, an objector has available the four objections set forth in section 7—1—3. It is clear that the "subterfuge defense" alleged by objectors does not fall within the parameters of this section of the statute. Objectors claim that an objection to a petition may be asserted for any matter going to the validity of the petition. While one cannot argue with that premise, the case cited by the objectors, *City of East St. Louis v. Touchette*, 14 Ill. 2d 243 (1958), was a totally different issue. In *Touchette*, the City of East St. Louis was attempting to annex parcels that were already in the City of Centerville. To allow the annexation in *Touchette* would have had the practical effect of destroying the continued existence of the City of Centerville as a municipal corporation. These are hardly the facts in the case at bar.

Objectors also wrongly rely on *Village of Skokie v. Gianoulis*, 260 Ill. App. 3d 287 (1994). In *Gianoulis*, the Village of Skokie attempted to use its condemnation power in an inappropriate manner. The premises in question were condemned with the idea that they would then be sold or transferred to a bank, which was a preferred use according to the village fathers. In essence the village was using its

condemnation power to assist a potential buyer of the property. Again, these are hardly the facts of the case at bar.

Deer Park did not make a secret of its feelings that the premises should not be developed for commercial use and, in fact, appeared before the Cook County Zoning Board opposing a rezoning of the property. Additionally, Deer Park entered into a preannexation agreement with petitioners agreeing to provide attorney fees for the petitioners' efforts in the annexation and establishing the proposed zoning of the premises once the property was annexed to Deer Park.

Generally the court's role is limited in annexation proceedings to determining whether there has been compliance with the statutory requirements for annexation, and it is difficult to conceive that the circuit court could or would deny an otherwise valid petition merely because Deer Park encouraged petitioners' efforts to secure annexation of the property. It is interesting to note that Deer Park could have initiated and pursued annexation of these parcels without reference to petitioners' actions since the statute allows a village to initiate an annexation petition. 65 ILCS 5/7—1.2(a) (West 2002).

The objectors cite *Spaulding School District No. 58 v. City of Waukegan*, 18 Ill. 2d 526 (1960), as an example of the court's jurisdiction to examine the background relating to the filing of an annexation petition. In *Spaulding*, the court considered the validity of the adoption of the annexation ordinance and whether there was appropriate and sufficient notice of a special council meeting by the City of Waukegan. There the court limited its inquiries to whether the municipality had followed the rules and statutes set down for the adoption of a special ordinance. This is very different from the purposes that the objectors condemn.

More to the point, however, is the supreme court's holding in *City of Countryside v. Village of La Grange*, 24 Ill. 2d 163 (1962), where the objectors claimed that the highest and best use to which the property could be put was industrial use, that the City of Countryside would be unable to furnish adequate water and sewer service for industrial purposes, and that, if the property was annexed to Countryside, the objectors would be deprived of the true value of their property, which amounted to a deprivation of property without due process of law.

The court concluded that the inability of Countryside to provide adequate sewer and water service for industrial purposes and the assumed refusal of Countryside to zone the property for industrial use did not afford any legal basis for denial of Countryside's annexation petition. The court observed, "[i]f these property owners do not wish to be annexed to Countryside, they have a right to be heard in the referendum election but they have no right to defeat Countryside's

petition simply because they do not wish to be annexed to that city." *Countryside*, 24 Ill. 2d at 168.

Unlike *Gianoulis*, where the municipality used its condemnation powers to obtain property for private use, Deer Park has a proper interest in the land use of the property adjoining its borders and the "subterfuge objection" is not relevant to these proceedings.

■ The trial court declined to address the issue of contiguity of Palatine with the subject premises because it initially determined that the petition for annexation of Deer Park had priority over the petition to annex the premises to Palatine. Section 7—1—1 allows a municipality to annex unincorporated territory only if it is contiguous to the municipality, although if the only bar to such contiguity is an intervening forest preserve district, the annexation can be legal under certain circumstances as long as the annexing municipality is the closest municipality to the territory to be annexed.

Objectors argue that the statute (65 ILCS 5/7—1—1 (West 2002)) refers to "the closest municipality to the property to be annexed" and note that the statute does not require that the property be adjacent to "municipal boundary" or "corporate limits." Objectors then argue that the water line that is immediately adjacent to the objectors' property and runs along the west and north of the property makes Palatine the closest municipality to the objectors' property.

In the preannexation agreement between the objectors and Palatine, the parties acknowledged that the objectors' property was not contiguous to Palatine, but at the evidentiary hearing, however, objectors asserted that they were contiguous to Palatine because the water main provided the necessary point of contiguity to Palatine and Palatine was the closest municipality to the subject parcel.

Petitioners argue that a water main is not a municipal boundary. We agree. The notion of contiguity is based upon contiguity between the property to be annexed and the municipal boundaries. *Spaulding*, 18 Ill. 2d at 529. Illinois cases have uniformly rejected the notion of strip or corridor annexation. In *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge*, 81 Ill. App. 2d 203 (1967), the court held that annexation by a village of property touching a portion of a highway continuing beyond its then borders for a distance of approximately one-half mile with a width of approximately 300 feet as it joins the village boundaries was improper and invalid. Here the Village of Burr Ridge was not allowed to annex a highway that continued beyond its border.

The purpose of requiring contiguity in a municipal annexation is to permit the natural and gradual extension of municipal boundaries to areas that adjoin one another in a reasonably substantial physical

sense, so as to assure that delivery of services, when necessary, is convenient for the city and efficient for its citizens. Similarly, the appellate court has determined that a community owning a small sewer easement in the premises sought to be annexed was not the owner of record and not an appropriate party to initiate annexation. *In re Petition for Annexation of Certain Property to the Village of Plainfield, Illinois*, 267 Ill. App. 3d 313 (1994); *People ex rel. County of St. Clair v. City of Belleville*, 84 Ill. 2d 1 (1981).

The determination as to the reasonableness of the contiguity must be shown by the facts of each case. *Western National Bank of Cicero v. Village of Kildeer*, 19 Ill. 2d 342 (1960); *In re Petition to Annex Certain Territory to the Village of North Barrington*, 144 Ill. 2d 353 (1991).

In the *Barrington* case, the village had a significant boundary with the property sought to be annexed and it was a natural extension of the village's boundaries.

Clearly, the most salient case cited is *Coojar Realty Corp.*, 81 Ill. App. 2d 203. The court determined that annexation of a roadway not adjacent or parallel to the municipality's boundaries constitutes a forbidden "strip or corridor annexation" and shall not be validated.

It is difficult to see where the roadway in *Coojar Realty Corp.* could not be used to extend the village's borders but a Palatine water main snaking around Quentin Road and Lake Cook Road for more than 800 feet could be deemed the border of Palatine.

For the reasons stated, we affirm the trial court.

Affirmed.

THEIS and QUINN, JJ., concur.