538 So.2d 113 (1989)
CITY OF SANFORD, Petitioner,
v.
SEMINOLE COUNTY, etc., Respondent.
No. 88-423.
District Court of Appeal of Florida, Fifth District.
February 9, 1989.
*114 William L. Colbert and Donna L. McIntosh of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons P.A., Sanford, for petitioner.
Nikki Clayton, Seminole County Attorney and Lonnie N. Groot, Assistant County Attorney, Sanford, for respondent.
ORFINGER, Judge.
At issue here is the legality of two ordinances enacted by the City of Sanford (hereinafter the City) annexing parcels of property pursuant to petitions for voluntary annexation by the respective property owners.
Over the objection of Seminole County, the City enacted Ordinance No. 1772 annexing three parcels known as the "Kastner parcels," and Ordinance No. 1776, annexing the "Paulucci parcel." The Kastner property consisted of three separate parcels. The two easternmost parcels bordered the northerly city limits, while the third parcel bordered the city limits on the west, as did the Paulucci parcel.
Considering itself aggrieved by the passage of the annexation ordinances, Seminole County filed a petition in the circuit court seeking review by certiorari[1] of the actions of the City. During the certiorari proceedings, Seminole County withdrew its objections to the two easternmost parcels of the Kastner property, annexed by Ordinance No. 1772, so the circuit court order did not affect these parcels, nor are they involved in our review. The circuit court declared both annexation ordinances invalid because: a) the properties were not "substantially contiguous" to property within the city limits; and b) that although no enclaves would be created as a result of the annexations proposed, the annexations would not be compact because the "proposed annexations tend to create pockets of unincorporated property and ... create finger areas in serpentine patterns." The City appeals this order.
Review in a district court of appeal of an order of the circuit court quashing by certiorari an annexation ordinance is by way of petition for writ of certiorari. See City of Tampa v. Hillsborough County, 504 So.2d 10 (Fla. 2d DCA 1986); City of Sunrise v. Broward County, 473 So.2d 1387 (Fla. 4th DCA 1985); City of Lake Mary v. County of Seminole, 419 So.2d 737 (Fla. 5th DCA 1982). Appellate review in this case is limited to determining whether the circuit court afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).[2] We therefore treat this *115 appeal as a petition for writ of certiorari (Florida Rule of Appellate Procedure 9.040(c)) and quash the decision of the circuit court.
Section 171.044(1), Florida Statutes (1987) provides:
(1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality.
"Contiguous" means that a substantial part of a boundary of the territory sought to be annexed is coterminous with a part of the boundary of the municipality. § 171.031(11), Fla. Stat. (1987).
The City argues that the circuit court finding of lack of substantial contiguity adds an element not found in the statute, which requires only that the annexed property be contiguous. In view of the statutory definition, this argument is more semantical than substantive. Nevertheless, we agree with the City that both parcels involved here are contiguous in the statutory sense. In May v. Lee County, 483 So.2d 481 (Fla. 2d DCA 1986) the court noted that:
When used in the context of municipal annexation, the term "contiguous" has been defined as "touching or adjoining in a reasonably substantial ... sense." Wescom, Inc. v. Woodridge Park District, 49 Ill. App.3d 903, 7 Ill.Dec. 560, 563, 364 N.E.2d 721, 724 (1977).
Id. at 482.
The May court noted a dispute in the case law as to whether parcels which only "corner" upon one another may be considered "contiguous," and the County urges the application of that legal principle here, but it clearly does not apply. Virtually all of the easterly border of the Kastner parcel abuts existing municipal property, and far more than just the corner of the Paulucci property abuts the existing municipal limits. The County's argument that only a small percentage of the entire circumference of the properties touches municipal property is without merit. Section 171.031(11) only requires "that a substantial part of a boundary" touch municipal property. (Emphasis added). The legal requirement of contiguity is met, because the annexed parcels touch or adjoin existing municipal territory in a reasonably substantial sense. May v. Lee County, supra.
We also agree with the City's contention that the circuit court applied the wrong law in concluding that the annexed areas were not compact. Section 171.044(1) requires that the subject land be "reasonably compact" and section 171.031(12) defines "compactness":
"Compactness" means concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to ensure that the area will be reasonably compact.
Our statutes do not define the term "pocket" but Webster's defines the term in relevant part as "a small isolated area or group." Webster's New Collegiate Dictionary, p. 879. The annexations here do not create small isolated areas.
As for "finger areas in serpentine patterns," "serpentine" is defined in Webster's as "winding or turning one way and another." Id. at p. 1051. While the annexations may be viewed to some extent as being in a finger pattern, they are not winding or turning.
In sum, the subject properties meet the statutory requirement of reasonable compactness as well as the principles underlying said requirement as stated in City of Sunrise v. Broward County, 473 So.2d 1387, 1388 (Fla. 4th DCA 1985), viz:
In order to understand the concepts of compactness and the prohibition against *116 the creation of enclaves in the context of annexation proceedings, it is helpful to consider the general purpose and goals of a municipal corporation as described by the attorney general in his opinion at 077-18, quoting from 56 Am.Jur.2d Municipal Corporations, Etc. § 69:
The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies, a collective body of inhabitants  that is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation.
We therefore grant the petition for certiorari and quash the order of the circuit court.
Petition GRANTED; Order QUASHED.
DANIEL, J. and EVANS, V.W., Jr., Associate Judge, concur.
NOTES
[1] § 171.081, Fla. Stat. (1987).
[2] In City of Deerfield Beach the supreme court declared:

We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
419 So.2d at 626.