Rule 23 order filed
 NO. 5-02-0646

November 17, 2003;

Motion to publish granted
 IN THE

December 26, 2003.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE 
ex rel.
 BRENDA ROPAC, PATRICK )  Appeal from the

T. BENNETT, and GENE D. ALLSUP, )  Circuit Court of

)  Madison County.

     Plaintiffs, )

)

)  No. 98-MR-388

)

THE CITY OF EDWARDSVILLE, ILLINOIS, )

)

     Defendant-Appellee )  Honorable

)  Ralph J. Mendelsohn,

(Brenda Ropac, Appellant). )  Judge, presiding.

_________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, The People 
ex rel.
 Brenda Ropac, Patrick T. Bennett, and Gene D. Allsup, filed a complaint in 
quo warranto 
in the circuit court of Madison County questioning the validity of the annexations of certain properties by the City of Edwardsville (the City).  After a hearing, the circuit court found that the contested annexations did not constitute strip annexations and that the annexed parcels were contiguous to the City, and the court denied the 
quo warranto
 complaint.  On appeal, Ropac contends that the trial court erred in denying the 
quo warranto
 complaint because the City failed to prove that the annexed parcels were contiguous to the City.

Having obtained leave of court, the plaintiffs filed a 
quo warranto
 complaint on August 21, 1998, challenging annexation ordinances adopted by the City in 1997 and 1998.  In the complaint, the plaintiffs alleged that the City did not have lawful authority to exercise power over seven parcels of real estate because the annexations of those parcels were improper and invalid.  The City filed an answer denying the allegations in the complaint and asserted several affirmative defenses, including 
laches
.  The City also filed a justification to the complaint, claiming that all the challenged annexations had been performed, executed, and adopted pursuant to the terms of the Illinois Municipal Code (65 ILCS 5/7-1-1 
et seq.
 (West 1992)) and the Edwardsville City Code, that the annexations were valid, and that the annexed parcels are a part of and subject to its jurisdiction.  Documents regarding each annexation were filed in support of the City's pleadings.

The plaintiffs filed several objections in response to the justification.  We will only recount the two objections that are pertinent to the issues on appeal.  The objections are based on claims that the seven parcels lacked physical contiguity and legal contiguity with the municipal boundaries.  In regard to the lack of physical contiguity, the plaintiffs alleged that the City had annexed all the parcels by means of an improper strip annexation.  In regard to the lack of legal contiguity, the plaintiffs claimed that the connections of all the parcels to the City are based solely on a prior annexation that is ineffective and that an ineffective annexation cannot be the predicate for a subsequent annexation.  In response, the City filed a memorandum and additional documents challenging the plaintiffs' objections and allegations.  The City also claimed that the plaintiffs' legal contiguity contention constituted an improper collateral attack on a prior annexation proceeding and that the contention was barred by the statute of limitations and the doctrine of 
laches
.

Following a hearing, the trial court denied the complaint in 
quo warranto
.
  
The court found that the annexed parcels were contiguous to the City and that the annexations did not constitute strip annexations.  On appeal, Ropac contends that the challenged annexations lack the fundamental statutory requirement of contiguity and are therefore invalid.

The proper remedy for questioning an annexation that has been accomplished is 
quo warranto.  Edgewood Park No. 2 Homeowners Ass'n v. Countryside Sanitary District
, 42 Ill. 2d 241, 245, 246 N.E.2d 294, 296 (1969).  A 
quo warranto
 proceeding is an action challenging a defendant's right to exercise jurisdiction over territory or to hold public office.  
People ex rel. City of Leland Grove v. City of Springfield
, 166 Ill. App. 3d 943, 520 N.E.2d 1205 (1988).  
In a 
quo warranto
 action, the burden is on the defendant city to prove that all the elements of its annexation were proper and in accord with the annexation statute.  
Schallau v. City of Northlake
, 82 Ill. App. 3d 456, 465, 403 N.E.2d 266, 272 (1979).

Under the Illinois Municipal Code, the corporate authorities of a municipality may enact an ordinance expressing a desire to annex a territory that is contiguous to it and that is not within the corporate limits of any municipality.  65 ILCS 5/7-1-1, 7-1-2 (West 1992).  To be contiguous, the tracts of land in the territory must touch or adjoin the municipal boundary in a reasonably substantial physical sense.  
Western National Bank of Cicero v. Village of Kildeer
, 19 Ill. 2d 342, 352, 167 N.E.2d 169, 175 (1960).  "The purpose of the contiguity requirement is to permit the natural and gradual extension of municipal boundaries to areas which 'adjoin one another in a reasonably substantial physical sense.' "  
People ex rel. County of St. Clair v. City of Belleville
, 84 Ill. 2d 1, 12, 417 N.E.2d 125, 130 (1981) (quoting 
Village of Kildeer
, 19 Ill. 2d at 352, 167 N.E.2d at 175).  The requirement of a substantial common boundary ensures that the delivery of police and fire services, sewer lines, and other provisions is convenient for the city and its residents. 
 City of Belleville
, 84 Ill. 2d at 12, 417 N.E.2d at 130.  A line of demarcation between the reasonableness or unreasonableness of the contiguity cannot be precisely determined and must be based on the facts of each case.  
Village of Kildeer
, 19 Ill. 2d at 352, 167 N.E.2d at 175.  Generally, annexations have been rejected for a lack of contiguity in cases where the evidence establishes that the municipality has engaged in strip annexations or impermissible cornering.  See 
In re Petition to Annex Certain Territory to Village of North Barrington
, 144 Ill. 2d 353, 367-68, 579 N.E.2d 880, 887 (1991).  In those types of cases, the courts have concluded that the subject territory lacked a substantial common boundary with the annexing municipality.  The trial court's finding that contiguity has or has not been established by the evidence will not be disturbed unless it is clearly against the manifest weight of the evidence.  
In re Proposed Incorporation of Village of Volo
, 229 Ill. App. 3d 321, 327, 592 N.E.2d 628, 633 (1992); 
 People ex rel. Tudor v. Vance
, 374 Ill. 415, 419, 29 N.E.2d 673, 675 (1940).

On appeal, Ropac contends that the challenged annexations are invalid because the physical connections between the City and the subject parcels are based on an improper strip annexation of a property identified as the Rapp tract.  According to the record, the Rapp tract is a single tract of 750 acres with an irregular shape.  Maps depicting the various annexations indicate that the Rapp tract and the City share a boundary of approximately 250 feet.  The maps show that the Rapp tract touches and connects with the municipal boundary in a reasonably substantial physical sense.  The record clearly shows that the annexation involved a sizeable piece of real estate as opposed to a narrow corridor.  After examining the record, we conclude that the boundary shared by the City and the Rapp tract is sufficient to meet the statutory requirement for contiguity and that the annexation of that tract resulted in a gradual and natural extension of the City's boundaries.  The trial court's finding of contiguity is reasonable and is not against the manifest weight of the evidence.

Ropac also contends that the challenged annexations are invalid because the connections between the City and the subject parcels are based on Ordinance No. 1748-9-78, a prior annexation ordinance that is ineffective.  Ropac claims that Ordinance No. 1748-9-78 is ineffective because notice was not served on the individual trustees of the Mitchell Fire Protection District, as required under section 7-1-1 of the Illinois Municipal Code (65 ILCS 5/7-1-1 (West 1992)).  Ordinance No. 1748-9-78 pertains to the annexation of real estate composing a portion of the Southern Illinois University (SIU) campus in Madison County, Illinois.  The annexation was completed in 1978.  The parcels annexed under the challenged ordinances are contiguous to the SIU property.  Ropac contends that an ineffective annexation cannot be the predicate for subsequent annexations.  In arguments before the trial court and before this court, Ropac has insisted that she is not seeking to overturn the annexation under Ordinance No. 1748-9-78.

Her position seems incongruous.  She cannot successfully attack the challenged ordinances based on a lack of legal contiguity without contesting, directly or indirectly, the 1978 annexation of the SIU property.  See, 
e.g.
, 
Langendorf v. City of Urbana
, 197 Ill. 2d 100, 105, 754 N.E.2d 320, 324 (2001); 
Ogle v. City of Belleville
, 238 Ill. 389, 87 N.E. 353 (1909).  An attack on the 1978 annexation based on a lack of proper notice is untimely.  Section 7-1-46 of the Illinois Municipal Code (65 ILCS 5/7-1-46 (West 1992)) provides that an action to contest, either directly or indirectly, the annexation of any territory to a municipality must be initiated within one year after the date that the annexation becomes final.  There is a statutory exception to the one-year statute of limitations.  The exception applies in cases where the territory was not contiguous at the time of the annexation and is not contiguous at the time an action is brought to contest the annexation.  In this case, the annexation of the SIU property was concluded in 1978.  The plaintiffs have not attacked that annexation on grounds of lack of contiguity but, rather, on the lack of notice to individual trustees.  The one-year statute of limitations applies, and the plaintiffs' challenge to the 1978 ordinance is barred.

The circuit court's finding that the challenged parcels are contiguous with the City's boundaries is supported by the evidence in the record.  Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CHAPMAN, P.J., and GOLDENHERSH, J., concur.