925 So.2d 340 (2006)
COUNTY OF VOLUSIA, Petitioner,
v.
CITY OF DELTONA, et al., Respondents.
No. 5D05-1032.
District Court of Appeal of Florida, Fifth District.
January 20, 2006.
Rehearing Denied April 7, 2006.
*341 Randell H. Rowe, III, and Michael G. Dyer, Assistant County Attorney, DeLand, for Petitioner.
Lonnie N. Groot of Stenstrom, McIntosh, Colbert, Whigham, Reischmann & Partlow, P.A., Sanford, Amicus Curiae, for City of Lake Helen.
Albert J. Hadeed of Albert J. Hadeed, P.A., Flagler Beach, Amicus Curiae, for Environmental Council of Volusia and Flagler Counties, Inc.
L. Roland Blossom, City Attorney and George Trovato, Assistant City Attorney, Deltona, for Respondent, City of Deltona.
C. Allen Watts of Cobb & Cole, P.A., DeLand, for Respondent, Leffler Co.
THOMPSON, J.
The County of Volusia ("County") seeks certiorari review of an order from the circuit court, sitting in its appellate capacity, which denied certiorari review of an annexation ordinance passed by the City of Deltona ("City").[1] At issue in this case is the proper procedure for property owners seeking voluntary annexation. The County contends that the circuit court applied the incorrect law when it held that section 171.021, Florida Statutes (2003), did not apply to voluntary annexations and that the criteria set forth in sections 171.0413, 171.042, and 171.043 apply only to involuntary annexations. We quash the order of the circuit court that denied certiorari review and remand for further proceedings in accordance with this opinion.
The annexation involves three tracts of land identified in the County's comprehensive plan as part of a critical environmental systems corridor. The largest tract consists of 4626 acres owned by Leffler Co. ("Leffler"). Another tract of 339 acres is owned by Joseph and Venus Lao, Trustees. The third tract is a narrow ten-acre parcel owned by Roger L. Gray, Trustee. The circuit court made the following factual and procedural findings:
On March 1, 2004, the City Commission adopted Ordinance No. 02-2004, voluntarily annexing approximately 4,975 acres located in unincorporated Volusia County, Florida, pursuant to *342 Florida Statutes § 171.044 of the Municipal Annexation or Contraction Act. The issues before this Court concern the validity of that voluntary annexation.
The owners of the three (3) parcels consisting of 10,339, and 4,626 acres, respectively, filed petitions proposing that their parcels be included within the City boundaries and requesting that the City consider their petitions as a unified request to annex all of their properties together. Pursuant to ... § 171.044(2), Florida Statutes, the City Commission verified the signatures of the property owners and held two (2) hearings on the ordinance. The public was given an opportunity to speak at both hearings.
The Leffler Company ("Leffler"), owner of the vast majority of the land proposed for annexation, submitted a "Pre-Annexation Agreement" ("Agreement") to the City as its petition for voluntary annexation of its 4,626 acres. The Agreement addressed future planning and development of the property and was unsigned by the City at the first reading. The Agreement was subsequently submitted to the City Commission as a proposed contract between Leffler and the City, and was approved by the Commission as a separate agenda item prior to the final adoption of the voluntary annexation ordinance.
At the final public hearing on the annexation ordinance, the Director of Growth and Resource Management for Volusia County ("Director") presented a letter of objection from the County and provided to each of the City Commissioners a copy of a twenty-nine (29) page report from a hired "expert" to the Commissioners. The Director also presented an affidavit from the expert, but the expert did not testify and the Director did not read the report or any of its contents into the record. Following public comments, discussion by the Commissioners, and inquiries of City staff by the Commissioners, the Commissioners voted 6 to 1 in favor of annexing the subject parcels, pursuant to Fla. Stat. § 171.044.
Subsequent to the filing of the County's certiorari petition, this Court granted permission to appear as amicus curiae to the City of Lake Helen, Deltona residents Jack Hoyt and Harlan Reed Parsons, and the following entities: Environmental Council of Volusia and Flagler Counties, Volusia-Flagler Sierra Club, Osteen Preservation Society, Inc., Enterprise Preservation Society, Inc., Wetlands Alert, Inc. and Flagler Environmental Action Committee, Inc. These entities and individuals filed briefs and participated in oral argument in support of the County's position.
Leffler, the primary property owner, also participated in this action and oral argument. Leffler had sought entry into this proceeding as an indispensable party and filed a motion to dismiss. This Court rejected Leffler's claimed status as an indispensable party and denied its motion to dismiss. Leffler sought review of that ruling by filing a Petition for Writ of Prohibition in the Fifth District Court of Appeal. On October 26, 2004, the Fifth District Court of Appeal entered an Order denying Leffler's petition on the merits, with prejudice. Leffler subsequently filed a request to intervene in this proceeding. At the hearing on its request, Leffler expressly conceded to this Court that its status as an intervener [sic] would be subordinate to, and in recognition of, the propriety of the main proceeding, pursuant to Florida Rules of Civil Procedure, Rule 1.230. This Court, in recognition of Levler's [sic] justiciable interest in this cause and in the interest of judicial *343 economy, permitted Leffler's intervention.
The circuit court asserted jurisdiction to review the validity of the annexation ordinance under section 171.081. The County timely petitioned for certiorari review of the circuit court's decision.
Circuit courts review annexation ordinances by certiorari under section 171.081. See City of Auburndale v. Town of Polk City, 898 So.2d 1101, 1102 (Fla. 2d DCA 2005); City of Tallahassee v. Kovach, 733 So.2d 576, 577-78 (Fla. 1st DCA 1999). In this first-tier review, the court determines only: whether the lower tribunal afforded the parties procedural due process; whether the essential requirements of law were observed; and whether the lower tribunal's action was supported by competent, substantial evidence. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 842-44 (Fla.2001); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The court may not reweigh the evidence or substitute its judgment for that of the agency. Haines City Cmty. Dev., 658 So.2d at 529 (citing Educ. Dev. Ctr. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108-109 (Fla.1989)).
Review of the circuit court's decision is by certiorari in the district court and is limited to determining whether the circuit court afforded procedural due process and applied the correct law or, stated differently, whether the circuit court departed from the essential requirements of law. See G.B.V., 787 So.2d at 843; Haines City Cmty. Dev., 658 So.2d at 530-31; City of Auburndale, 898 So.2d at 1102. The district court may not review the record to determine whether the agency's decision is supported by competent, substantial evidence. Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000). It may not grant certiorari merely because it disagrees with the circuit court's evaluation of the evidence. Educ. Dev. Ctr., 541 So.2d at 108. Certiorari is not used to grant a second appeal or redress mere legal error; rather, it provides a safety net to correct a miscarriage of justice when no other remedy is available. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997); see also G.B.V., 787 So.2d at 842; Haines City Cmty. Dev., 658 So.2d at 529.
To determine whether the trial court afforded procedural due process to the parties, we review the circuit court's decision regarding these issues: (1) the County's standing; (2) the Gray Parcel's previous de-annexation; (3) the evidence before the City Commission; (4) compactness and the absence of enclaves; (5) contiguousness; and (6) the Pre-Annexation Agreement between the City and Leffler. We hold the circuit court correctly applied the law and did not depart from the essential requirements of the law as to issues 1 through 4. However, we find the trial court erred in deciding issues 5 and 6, which we discuss below.

Contiguousness.
The circuit court departed from the essential requirements of the law in determining the property was contiguous. Property is contiguous when "[a] substantial part of a boundary of the territory sought to be annexed by a municipality is coterminous with a part of the boundary of the municipality." § 171.031(11); see also Sanford v. Seminole County, 538 So.2d 113, 115 (Fla. 5th DCA 1989) (noting that "contiguous" in annexation has been defined as "touching or adjoining in a reasonably substantial ... sense"). Local rights-of-way, utility easements, railroad rights-of-way, and like entities may not be annexed *344 in corridor fashion to gain contiguity. § 171.031(11).
The court cited a recent Illinois case, People ex rel. Ropac v. City of Edwardsville, 345 Ill.App.3d 414, 280 Ill.Dec. 350, 802 N.E.2d 275, 277 (2003), which stated that "the reasonableness or unreasonableness of the contiguity cannot be precisely determined and must be based on the facts of each case." The court also found that the City annexed three separate parcels of land together. The first parcel is a ten-acre tract with 350 feet  its entire western border  adjoining the City. The court compared this parcel with that in Ropac, which had shared only 250 feet with the adjoining municipality and was determined to be contiguous. Id. at 278.
The court found that this parcel did not constitute an invalid corridor because it was not a right-of-way, easement, or like entity. See § 171.031(11). The court noted that a court has held the legal requirement of contiguity was satisfied when virtually all of one border of one parcel abutted the existing municipal property and more than just the corner of the other parcel abutted existing municipal boundaries. See Sanford, 538 So.2d at 115. Because virtually the entire western boundary of the ten-acre parcel was coterminous with the City's boundary, the annexation met the requirement that "a substantial part of a boundary" of the annexation territory be coterminous with part of the City's boundary. The court found this annexation comparable to that in Sanford, where the court had concluded that the contiguity was met where "the annexed parcels touched or adjoined municipal territory in a reasonably substantial sense." 538 So.2d at 115. The court below relied on Sanford to find that, because all 350 feet of the Gray parcel's western boundary adjoined the City, the contiguity requirement was met.
However, the court acknowledged that the three owners submitted their annexation applications as a unified request to annex all the property together. Section 171.031(11) requires that "a substantial part of a boundary of the territory to be annexed by the municipality [be] coterminous with a part of the boundary of the municipality." Of the annexed property's entire western border of 22,116 feet, only 350 feet (1.6%) is coterminous with the City boundary. The court departed from the essential requirements of law by focusing only on the Gray property to find that a substantial part of the boundary of the territory was contiguous. Section 171.031(11) requires that a substantial portion of a boundary of the territory annexed must be coterminous with the City's boundary. We hold that 350 feet out of more than 20,000 cannot constitute a substantial portion of the western boundary of the three parcels annexed together.
The City and owners attempted shoestring annexation by using a narrow corridor to connect the municipality to an outlying, noncontiguous area it desired to annex. See, e.g., Hughes v. Town of Oak Island, 158 N.C.App. 175, 580 S.E.2d 704, 709-10, aff'd, 357 N.C. 653, 588 S.E.2d 467 (2003); City of Rapid City v. Anderson, 612 N.W.2d 289, 294 (S.D. 2000). Such annexation defeats the basic concept of a municipal corporation of unity and compactness.
The court departed from the essential requirements of law by improperly applying Sanford to determine that a substantial portion of a boundary of the annexed territory was contiguous.

The Pre-Annexation Agreement between the City and Leffler.
The City entered into a pre-annexation agreement with Leffler before adopting the annexation ordinance. The agreement doubled as Leffler's annexation *345 petition and was signed by the City before it passed the ordinance. The County argued that the agreement was void as an improper delegation of legislative authority and that, accordingly, the annexation was also void. The circuit court made no finding concerning the agreement and stated without explanation that the issue was not properly before the court. The court departed from the essential requirements of the law with that finding.
The agreement constituted the annexation application, and the certiorari petition challenged both the ordinance and agreement. As the annexation application, it was properly before the court in the certiorari challenge to the annexation. The City's argument that the agreement was merely a contract that the court had no jurisdiction to review was incorrect.
The agreement imposed substantial obligations on the City. It required the City to prepare a Development of Regional Impact ("DRI") review and amend its comprehensive plan to bring it in compliance with the provisions of the Local Government Planning and Land Development Act. The City was required to "vigorously defend all civil and administrative actions brought by others contesting the validity of the agreement." The City could not annex any lands over 25 acres contiguous to Leffler's property without amending the DRI review to include such land. Zoning must remain unchanged until the annexation becomes final and nonappealable. The City was to use its best efforts to provide for agricultural and conservation zoning until ownership of the property changed and the property was rezoned at the owner's request. Existing uses shall be considered lawful prior nonconforming uses, notwithstanding rezoning or continuous, rotated, or relocated uses within the annexed property. The City must use best efforts to assist the owner in obtaining approval if the owner sought designation of the land as a Community Development District or Watershed Improvement District. Finally, the agreement permitted either party to seek specific performance of the agreement and damages upon default.
The County raised the general principle that a city's legislative body cannot delegate its legislative function by investing unbridled discretion in a private property owner or administrative agency. See Amara v. Daytona Beach Shores, 181 So.2d 722, 724-25 (Fla. 1st DCA 1966). Similarly, an agreement effectively contracting away a city's exercise of its police power is unenforceable. P.C.B. P'ship v. Largo, 549 So.2d 738, 741-42 (Fla. 2d DCA 1989) (holding that an owner that sought specific performance on a breach of contract was not entitled to recovery when it entered into a land disposition agreement with the city, in which the city would build a road facilitating development of the landowner's property, but the city did not build the road). Because the zoning power is an aspect of the police power, a municipality may not enter into a private contract with a property owner for the amendment of a zoning ordinance subject to restrictions in an agreement to be executed between the city and owner. Hartnett v. Austin, 93 So.2d 86, 89 (Fla.1956) (stating that "[t]he adoption of an ordinance is the exercise of municipal legislative power" and that the city exercising this power "cannot legislate by contract"). Accordingly, contract zoning has long been disapproved in Florida because it contracts away the exercise of the entity's police or legislative powers. Morgran Co. v. Orange County, 818 So.2d 640, 642-43 (Fla. 5th DCA 2002), rev. denied, 839 So.2d 699 (Fla.2003) (declining to enforce an agreement that obligated Orange County to support the private owner's request for rezoning, even where a *346 clause purported that the contract did not interfere with the county's zoning authority); see also Chung v. Sarasota County, 686 So.2d 1358 (Fla. 2d DCA 1996) (holding that an improper settlement agreement to rezone was not cured by a provision requiring the parties to follow the formal requirements to rezone, because the county already obligated itself to a decision). This issue was not decided on the merits by the court. The court should have considered the agreement, which doubled as Leffler's annexation application, and departed from the essential requirements of the law in failing to do so.
Accordingly, we QUASH the order of the circuit court that denied certiorari review and REMAND for further proceedings consistent with this opinion.
PALMER and MONACO, JJ., concur.
NOTES
[1] Although not originally joined as a respondent, the County amended its petition to add Leffler Co. as a respondent before the circuit court. This court also granted amicus curiae motions filed by the City of Lake Helen and the Environmental Council of Volusia and Flagler Counties.