PER CURIAM.
We deny Richard Pistone’s petition for writ of certiorari. Our review of a circuit court appellate decision is limited to a determination of (1) whether the circuit court afforded the parties procedural due process, and (2) whether the circuit court applied the correct law (also expressed as whether the essential requirements of the law have been observed). See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
A departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than simple legal error. Cer-tiorari is not used to grant a second appeal nor redress mere legal error. Rather, it provides a safety net to correct a miscarriage of justice when no other remedy is available. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); County of Volusia v. City of Deltona, 925 So.2d 340, 343 (Fla. 5th DCA 2006). No miscarriage of justice is presented here.
In the instant petition, Mr. Pistone has not demonstrated either a violation of his procedural due process rights below or the circuit court’s failure to apply the correct law. It is clear from the circuit court’s opinion that Mr. Pistone failed to provide an adequate record to support reversal of the county court’s final judgment. In addition, a review of Mr. Pistone’s motion to disqualify the county court judge was *538 based on adverse prior rulings and was, therefore, legally inadequate.
CERTIORARI DENIED.
GRIFFIN, ORFINGER and LAWSON, JJ., concur.