953 So.2d 8 (2007)
BOARD OF COUNTY COMMISSIONERS, etc., Petitioner,
v.
CITY OF COCOA, Florida, etc., Respondent.
No. 5D06-125.
District Court of Appeal of Florida, Fifth District.
January 5, 2007.
Rehearing Denied April 2, 2007.
*9 Scott Knox, County Attorney, Office of the County Attorney, Viera, for Petitioner.
Anthony A. Garganese, City Attorney, The City of Cocoa, Cocoa, and Erin J. O'Leary of Brown, Garganese, Weiss & D'Agresta, P.A., Orlando, for Respondent, The City of Cocoa, Florida.
Thomas A. Cloud, Tracy A. Marshall and Earl M. Crittenden, Jr., of Gray Robinson, P.A., Orlando, for Respondent, Florida Space Needle, LLC.
PER CURIAM.
The petition for writ of certiorari is denied. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) ("A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.") (emphasis in original).
The annexation in this case consisted of ten parcels of property totaling 757.29 acres. The City has been the recognized utility provider for the annexation area for almost fifty years, pursuant to a special act of the Florida Legislature. Property owners for nine of the parcels, totaling 754.97 acres (or 99.7 percent of the overall annexation area), consented to the annexation. Additionally, the entire annexation area is slated for urban development under the County's land use plan and is completely surrounded by property already developed for urban purposes.
"Certiorari is not used to grant a second appeal or redress mere legal error; rather, it provides a safety net to correct a miscarriage of justice when no other remedy is available." See County of Volusia v. City of Deltona, 925 So.2d 340, 343 (Fla. 5th DCA 2006). Finding no miscarriage of justice under the facts presented, we deny certiorari review. In so ruling, we note that we do not necessarily disagree with Judge Evander's analysis of section 171.043, Florida Statutes (2003). Rather, we find that the County has failed to demonstrate a miscarriage of justice sufficient to warrant the exercise of our discretionary certiorari jurisdiction.
CERTIORARI DENIED.
GRIFFIN and LAWSON, JJ., concur.
EVANDER, J., dissents, with opinion.
EVANDER, J., dissenting.
I respectfully dissent. Circuit courts review annexation ordinances by certiorari pursuant to section 171.081, Florida Statutes. In the first-tier review, the court determines: 1) whether the lower tribunal afforded the parties procedural due process; 2) whether the essential requirements of law were observed; and 3) whether the lower tribunal's action was supported by substantial competent evidence. County of Volusia v. City of Deltona, 925 So.2d 340 (Fla. 5th DCA 2006).
On second-tier review, a district court may exercise its discretion to grant certiorari review when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003). A clearly established principle of law may be derived from a statute. Thus, an improper interpretation of a statute may provide the basis for granting certiorari review. Kaklamanos, 843 So.2d at 890. In the present case, the facts are not disputed. The issue is whether section 171.043, Florida Statutes (2003), permits a municipality to involuntarily annex undeveloped property where no developed property is included in the annexation. The circuit court answered this question in the affirmative, notwithstanding the statute's contrary language.
Section 171.043 provides that a municipality may involuntarily annex property *10 only if it meets the general standards of subsection (1) and the requirements of either subsection (2) or (3). These subsections provide:
(1) The total area to be annexed must be contiguous to the municipality's boundaries at the time the annexation proceeding is begun and reasonably compact, and no part of the area shall be included within the boundary of another incorporated municipality.
(2) Part or all of the area to be annexed must be developed for urban purposes. An area developed for urban purposes is defined as any area which meets any one of the following standards.
(a) It has a total resident population equal to at least two persons for each acre of land included within its boundaries;
(b) It has a total resident population equal to at least one person for each acre of land included within its boundaries and is subdivided into lots and tracts so that at least 60 percent of the total number of lots and tracts are 1 acre or less in size; or
(c) It is so developed that at least 60 percent of the total number of lots and tracts in the area at the time of annexation are used for urban purposes, and it is subdivided into lots and tracts so that at least 60 percent of the total acreage, not counting the acreage used at the time of annexation for nonresidential urban purposes, consists of lots and tracts 5 acres or less in size.
(3) In addition to the area developed for urban purposes, a municipal governing body may include in the area to be annexed any area which does not meet the requirements of subsection (2) if such area either:
(a) Lies between the municipal boundary and an area developed for urban purposes, so that the area developed for urban purposes is either not adjacent to the municipal boundary or cannot be served by the municipality without extending services or water or sewer lines through such sparsely developed area; or
(b) Is adjacent, on at least 60 percent of its external boundary, to any combination of the municipal boundary and the boundary of an area or areas developed for urban purposes as defined in subsection
The purpose of this subsection is to permit municipal governing bodies to extend corporate limits to include all nearby areas developed for urban purposes and, where necessary, to include areas which at the time of annexation are not yet developed for urban purposes whose future probable use is urban and which constitute necessary land connections between the municipality and areas developed for urban purposes or between two or more areas developed for urban purposes.
Here, the county does not dispute that the standards set forth in subsection (1) are met. Similarly, the city does not dispute that the standards set forth in subsection (2) are not met. Thus, the question is whether the standards set forth in subsection (3) are met.
The first words in subsection (3) are: "In addition to the area developed for urban purposes." The plain meaning of these words is that undeveloped property may be included in the annexation provided the undeveloped property meets the conditions set forth in subsection (3)(a) or subsection (3)(b) and developed property is included in the annexation ordinance. In the present case, the proposed annexation did not include any area developed for urban purposes. Accordingly, the proposed annexation did not comply with the *11 standards set forth in either subsection (2) or (3).
The North Carolina Supreme Court has interpreted a virtually identical statute[1] to prohibit a municipality from proceeding with an annexation where the property proposed to be annexed was entirely undeveloped. Carolina Power & Light Co. v. City of Asheville, 358 N.C. 512, 597 S.E.2d 717 (2004). The court found to hold otherwise would negate the legislative purpose behind the statute. Carolina Power, 597 S.E.2d at 724.
I recognize certiorari is not to be used to grant a second appeal or redress mere legal error but rather provides a safety net to correct a miscarriage of justice. I believe that the sometimes fine line between "mere legal error" and "miscarriage of justice" has been crossed in this case. The result of the circuit court's decision was that the City of Cocoa was able to involuntarily annex property when, based on the undisputed facts, such involuntary annexation was statutorily prohibited.
I am also concerned that the majority's decision to deny certiorari is inconsistent with our recent decision of County of Volusia. In County of Volusia, this court found certiorari review from the order of the circuit court appellate panel to be appropriate where the circuit court had wrongly determined the proposed annexed property was contiguous to the City of Deltona. In that case, the circuit court appellate panel had focused on only one of three parcels proposed to be annexed in determining whether the proposed annexed property was coterminous to the City of Deltona. We held:
The (circuit) court departed from the essential requirements of law by focusing only on the Gray property to find that a substantial part of the boundary of the territory was contiguous. Section 171.031(11) requires that a substantial portion of a boundary of the territory annexed must be coterminous with the City's boundary. We hold that 350 feet out of more than 20,000 cannot constitute a substantial portion of the western boundary of the three parcels annexed together.
County of Volusia, 925 So.2d at 344.
I would suggest that the argument to grant certiorari in this case is even stronger than it was in County of Volusia. To some degree, the County of Volusia decision was fact-specific. In this case, the sole issue is one of statutory interpretation.
NOTES
[1] N.C. GEN.STAT. § 160a-48(d).